**MANDATE**

06-2233-cr (Lead)
USA v. Creary (Reid)

SDNY-NYNY
04-cr-971
DUFFY

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand and eight.

Present:    CHESTER J. STRAUB,
            ROSEMARY S. POOLER,
            SONIA SOTOMAYOR,
                    Circuit Judges.

_____

UNITED STATES OF AMERICA,

            Appellee,

    v.                                                  06-5029-cr (Con) -INDIV

WENDY BROWN, JOY BROWN, TARELLE JONES, TIMOTHY JONES, GARY DAVIS, KEISHA ANDERSON, TANIESHA MOORE, RAYMOND WAINWRIGHT, VERE JOSEPH,

            Defendants,

PAUL CREARY, CURLENE REID,

            Defendants-Appellants.

_____

Appearing for Appellant:        Marilyn S. Reader, Larchmont, N.Y.

ISSUED AS MANDATE: 6/23/08

| | |
|---|---|
| Appearing for Appellee: | Christopher L. LaVigne, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Duffy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the sentence of the District Court for Defendant-Appellant Curlene Reid is **REMANDED**.

This case involves an appeal by Defendant-Appellant Curlene Reid, in part counseled, and in part pro se, and a motion by Defendant-Appellant Paul Creary's counsel to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). We address Defendant Creary's counsel's Anders motion in a separate order, where we DEFER the motion and ORDER additional briefing; furthermore, pursuant to that order, Defendant Paul Creary's appeal is unconsolidated from the appeal of Defendant Curlene Reid. We therefore limit our analysis below to the merits of Defendant Reid's appeal.

In January 2006, a jury convicted Reid of the crime charged in her indictment: one count of conspiracy to produce and transfer false identification documents, in violation of 18 U.S.C. § 1028(a)(1), (a)(2), and (f). Prior to sentencing, the United States Probation Officer prepared a Pre-Sentence Report ("PSR") which determined that Reid's guideline sentence should be determined by using a base offense level of 11 pursuant to U.S.S.G. § 2L2.1(a), an enhancement of nine levels because the conspiracy involved more than 100 documents, pursuant to §2L2.1(b)(2)(C), and a Criminal History Category of I. Relying on these determinations, the PSR calculated a guideline range of 33 to 41 months' imprisonment, and recommended a sentence of 33 months' imprisonment. Defendant-Appellant Reid objected to certain factual findings and guideline calculations in the PSR and sought downward adjustments and departures. We assume the parties' familiarity with the remaining facts, proceedings below, and specification of issues on appeal.

Defendant Reid first argues that the district court erred in refusing to give her a two-level reduction in her offense level under U.S.S.G § 3B1.2(b). "[W]e are mindful that a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." United States v. Carpenter, 252 F.3d 230, 234 (2d Cir. 2001) (internal quotation marks and citation omitted). Furthermore, "[t]he defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a mitigating role adjustment under section 3B1.2 of the Sentencing Guidelines." Id. We have said that "[a] reduction [pursuant to U.S.S.G. § 3B1.2] will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." United States v. Rahman, 189 F.3d 88, 159 (2d Cir. 1999) (per curiam).

"As to facts disputed in connection with sentencing, the court is required to make findings sufficient to permit appellate review." United States v. Thompson, 76 F.3d 442, 456 (2d Cir. 1996); see also United States v. LaValley, 999 F.2d 663, 666 (2d Cir. 1993). "It is sufficient for these purposes if the court indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations in the PSR." Thompson, 76 F.3d at 456.

Here, the district court stated in its written Statement of Reasons for the sentence that it was adopting the factual findings of the PSR with one change not relevant on appeal. Because the findings of the PSR were sufficient to support the district court's decision to deny Reid's request for a minor role adjustment, Carpenter, 252 F.3d at 235, we deny Reid's challenge to the district court's decision not to grant her a two-level reduction for her role in the offense.

Defendant next argues that the district court erred in enhancing her base offense level by nine levels on the grounds that she was accountable for 100 or more fraudulent documents. See U.S.S.G. § 2L2.1(b)(2)(C). "The government must prove and the district court must find a fact relevant to sentencing by a preponderance of the evidence." United States v. Proshin, 438 F.3d 235, 238 (2d Cir. 2006) (per curiam). We review a district court's factual findings that an offense involved a certain number of documents for clear error. Id. "It is . . . well established that this Court requires a district court to make two particularized findings before a defendant may be held accountable for his co-conspirators' acts[:] . . . 1) that the acts were within the scope of the defendant's agreement and 2) that they were foreseeable to the defendant." United States v. Johnson, 378 F.3d 230, 238 (2d Cir. 2004) (emphasis added) (internal citation and quotation omitted). It is important to note that "a defendant's knowledge of another participant's criminal acts is not enough to hold the defendant responsible for those acts" and "the fact that the defendant is aware of the scope of the overall operation is not enough to hold him accountable for the activities of the whole operation. The relevant inquiry is what role the defendant agreed to play in the operation, either by an explicit agreement or implicitly by his conduct." United States v. Studley, 47 F.3d 569, 575 (2d Cir. 1995).

Where the sentencing judge does not clearly resolve the factual dispute, we must remand for further findings. See United States v. Reed, 49 F.3d 895, 901 (2d Cir. 1995). Here, the district court did not make particularized findings at the sentencing hearing as to either the scope of the criminal activity agreed to by Reid or that the conduct by Reid's co-conspirators was reasonably foreseeable to Reid; the district court's Statements of Reasons, however, did state that it was adopting the factual findings of the PSR. Nonetheless, the factual findings of the PSR are insufficient to satisfy the district court's obligation to make particularized findings with respect to relevant conduct: the PSR does not make any such particularized findings but rather assumes the Government's position that Reid should be held accountable for the distribution of 100 or more documents, without providing additional evidence to support this assertion, and without providing the necessary two-step analysis outlined above. This is not sufficient to meet our requirements for particularized findings under United States v. Johnson; we therefore must remand Reid's sentence to the district court so that it can make particularized findings as to whether Reid should be held accountable for 100 or more fraudulent documents.

Finally, Reid argues that her sentence is unreasonable and excessively long. We review Guidelines and non-Guidelines sentences for reasonableness. See United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006). Reasonableness review involves "first ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall v. United States, 128 S. Ct 586, 597 (2007). As far as procedural reasonableness is concerned, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." Fernandez, 443 F.3d at 30. While the district court is required to consider the factors of § 3553(a), United States v. Florez, 447 F.3d 145, 157 (2d Cir. 2006), "no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing. As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the

record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005). Here, the district court stated that it had read and re-read Reid's sentencing memorandum, which contained the requests for all of the departures and adjustments that Reid sought; the district court stated that it had taken into account the guidelines and defense counsel's arguments concerning both the guidelines and the § 3553(a) factors; and finally the district court concluded that it did not agree with the defendant's objections to the PSR, but rather, "adopted, basically, the calculations suggested by the probation department." This is sufficient to meet our requirements for procedural reasonableness.

Furthermore, while Reid challenges the district court's denial of her downward departure requests for family circumstances and aberrational behavior, such a determination is generally not appealable unless the sentencing court misunderstood the scope of its authority to depart. See United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005). Here, there is no indication that the district court misunderstood the scope of its authority, and thus the district court's denial of Reid's request for a downward departure is not appealable.

Reasonableness review also requires us to "consider the substantive reasonableness of the sentence imposed." Gall, 128 S. Ct. at 597. In doing so, we "take into account the totality of the circumstances," id., and give due deference to the district court's weighing of the § 3553(a) factors," id. (internal quotation marks omitted). Here, the district court sentenced Reid to a term of imprisonment within the applicable guidelines range of 33 to 41 months. However, the guideline range was based upon a nine level enhancement, for which the district court failed to make particularized findings, and thus we are required to remand to the district court for further proceedings. In light of our remand, we defer decision on the substantive reasonableness of Reid's sentence.

Reid also argues, in a pro se brief, that she received ineffective assistance of counsel. The Supreme Court has made clear its preference that we not decide claims of ineffective assistance of counsel on direct appeal, but rather leave them for motions pursuant to 28 U.S.C. § 2255. Massaro v. United States, 538 U.S. 500 (2003). Since Massaro, we have clarified that: "[w]hen a criminal defendant on direct appeal asserts trial counsel's ineffective assistance to the defendant, as the defendant does here, we may (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 [motion]; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004) (internal quotation marks omitted). Our review of ineffective assistance of counsel claims is discretionary and "should not be invoked lightly." United States v. Salameh, 152 F.3d 88, 161 (2d Cir. 1998) (per curiam). Given our "baseline aversion to resolving ineffectiveness claims on direct review," id., we decline to address Reid's ineffective assistance claims on this direct appeal. Reid remains free to pursue these claims on a § 2255 motion. To the extent Reid raises a distinct claim based upon allegations of perjured testimony, this claim is, as the government argues, untimely, see Fed. R. Crim. P. 33(b)(2), and, in any event, meritless, see United States v. McCarthy, 271 F.3d 387, 399-400 (2d Cir. 2001).

For the foregoing reasons, we REMAND defendant's sentence to the district court for further proceedings consistent with this opinion.

FOR THE COURT:
erine O'Hagan Wolfe, Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by_____
       DEPUTY CLERK

4